[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR COUNSEL FEES AND COSTS (#113)
Before the court is plaintiff's application for counsel fees and costs totalling $20,874.00, made pursuant to General Statutes § 52-251a.
By way of background, this action was commenced by plaintiff in the small claims division of this court and transferred to the regular docket upon motion by the defendant. The case was tried before this court without a jury and a memorandum of decision awarding plaintiff $2,800.00 was issued May 19, 1998. (#111.) The clerk entered judgment on that same date (#112); however, the court either during or after trial did reserve jurisdiction to decide a possible § 52-251a motion and will reopen the judgment should either party move to appeal the issues decided herein.
General Statutes § 52-251a authorizes the court to award the prevailing plaintiff "[i]n a small claims matter which was transferred to the regular docket . . . his costs, together with reasonable attorneys fees . . ." Accordingly, it is unquestioned in this case that plaintiff as the prevailing party is entitled to an award of costs and reasonable attorneys' fees for services performed during the pendency of this suit.
The issue to be decided on this motion is what § 52-251a
includes as "reasonable" under the circumstances of this case. Plaintiff's claim in his small claims action was for payment by defendant of an approximate $2,500.00 "promised bonus." When defendant transferred this case to the regular docket, plaintiff hired counsel and apparently sought retaliation for the transfer by directing his attorneys to file additional claims, which they did. The initial complaint was twice amended CT Page 12355 to include claims for quantum meruit, misrepresentation and infliction of emotional distress. In the court's opinion, these additional claims were without merit; the case on the regular docket remained a "small claims" action according to the evidence adduced at trial, and the court so awarded plaintiff $2,800.00.
The court does not question that the time itemized by the plaintiff's attorney was indeed devoted to litigating this matter. Nor does the court question the reasonableness of counsel's hourly rate. However, at some point in any case involving monetary damages, and preferably at the start, it is the responsibility of litigants and their counsel to decide at what cost they intend to win. The court questions whether that determination was ever made by plaintiff and his counsel in this case, and moreover, questions whether a defendant should have to pay for a plaintiff's unreasonableness. The statute expressly limits recovery to reasonable costs and fees, not what was actually expended. In this court's opinion, the reasonable fee for that aspect of the case presented at trial and found to be reasonable and verifiable is $3,500.00.
Accordingly, the court orders defendant to reimburse the plaintiff $3,500.00 pursuant to plaintiff's application under General Statutes § 52-251a.
PELLEGRINO, J.